

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

September 17, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re: *United States v. Noel Feliciano*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

  The defendant is scheduled to be sentenced in this matter on September 19, 2014, at 4:30 p.m.  For the reasons explained below, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance, be imposed at sentencing, which would result in a sentence of 41 to 51 months' imprisonment.

### Background

  The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

  The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a

lower drug weight. Within these broad categories, the Government also considered a defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

### The Defendant's Conduct

Pursuant to defendant's plea agreement, the defendant's Guidelines Offense level is 23, and he has three criminal history points, resulting in a Criminal History Category of II, and a Guidelines range of 51 to 63 months' imprisonment. As noted in the plea agreement, the Government has taken the position that a two-level downward variance pursuant to the current policy of the Department of Justice that such a variance is generally warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual, is appropriate, which would result in a Guidelines range of 41 to 51 months' imprisonment.

The defendant, Noel Feliciano, was a street seller of crack and heroin who also had some management responsibilities. In the structure of the Organization, the Government places him towards the top of the lower-tier of defendants. As a result, the Government agreed to accept a plea without a mandatory minimum sentence. In light of the substantial amount of heroin and crack sold by the Organization, and the defendant's role, the Government respectfully submits that a sentence of 41 to 51 months' imprisonment is appropriate here, and would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:   *Jared Lenow*

        Jared Lenow/Jessica Masella
        Assistant United States Attorneys
        (212) 637-1068/2288

cc:    Peter E. Brill, Esq. (by email)